Victoria L. Nelson, Esq. (NV Bar No. 5436)
Email: vnelson@nelsonhoumand.com
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@nelsonhoumand.com
NELSON & HOUMAND, P.C.
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

| | |
|---|---|
| *Electronically Filed On: April 22, 2014* | |

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.  BK-S-12-14724-LBR<br>Chapter    7 |
| WILLIAM WALTER PLISE, | |
| Debtor. | |
| | Adv. Proc. No. |
| SHELLEY D. KROHN, Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | **COMPLAINT FOR (1) ALTER EGO; (2) AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND NRS CHAPTER 112; (3) AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548; (4) RECOVERY OF BANKRUPTCY ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 550; AND (5) TURNOVER OF BANKRUPTCY ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542;** |
| WILLIAM WALTER PLISE, an Individual; 5550 LAS VEGAS, LLC, a Nevada Limited Liability Company; JOHN F. MARCHIANO, PROFESSIONAL LAW CORPORATION, a Nevada Professional Corporation, DOE individuals 1-10; and ROE corporations 1-10, | |
| Defendants. | |
| | Judge:  Honorable Linda B. Riegle |

Plaintiff Shelley D. Krohn, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case and plaintiff in the above-captioned adversary proceeding (referred to herein alteras "Plaintiff" or "Trustee"), by and through her counsel, Victoria L. Nelson, Esq. and Jacob L. Houmand, Esq. of the law firm of Nelson & Houmand, P.C., complains and alleges as follows against defendants, William Walter Plise (the "Debtor"), 5550 Las Vegas, LLC ("5550 Las

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169
Telephone: (702) 720-3370
Facsimile: (702) 720-3371

Vegas"), John F. Marchiano, a Professional Law Corporation (the "Marchiano Corporation"), DOE individuals 1-10, and ROE corporations 1-10 (the foregoing Defendants shall be collectively referred to as the "Defendants"),[1] and alleges the following on information and belief:[2]

## I.    JURISDICTIONAL ALLEGATIONS

1.    This is an adversary proceeding within the meaning of FRBP 7001.

2.    This adversary proceeding arises out of and is related to the above-captioned Chapter 7 case before the United States Bankruptcy Court (the "Bankruptcy Case"). This Court has jurisdiction in the instant adversary proceeding pursuant to 28 U.S.C. § 1334 and because the issues raised by this action arise under sections 105, 502(d), and 544 of the Bankruptcy Code and relate to the Bankruptcy Case.

3.    Venue is proper under 28 U.S.C. § 1409.

4.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). If this adversary proceeding is determined to be "noncore," Plaintiff consents to the entry of final orders or judgments by the bankruptcy judge.

## II.    PARTIES

5.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 4 of the Complaint as though full set forth herein.

6.    Plaintiff was appointed as the Chapter 7 Trustee in the above-captioned Bankruptcy Case on April 23, 2012, and has acted in that capacity since her appointment.

7.    Upon information and belief, William Walter Plise is an individual currently residing in Clark County Nevada and is the debtor in the above-captioned bankruptcy case.

---

[1] In compliance with Federal Rule of Bankruptcy Procedure 7020 regarding joinder of multiple parties in a single action, the claims asserted against the named Defendants arise out of the same transaction(s) and involve common issues of fact and law.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169
Telephone: (702) 720-3370
Facsimile: (702) 720-3371

8.      Upon information and belief, 5550 Las Vegas, LLC is a Nevada Limited Liability Company.

9.      Upon information and belief, John F. Marchiano, Professional Law Corporation, is a Nevada professional corporation.

10.     The true names, identities or capacities, whether individual, corporate, political, associate or otherwise of any Doe and Roe Defendants are unknown to Plaintiff.  Plaintiff therefore sues and Doe and Roe Defendants by fictitious names.  Plaintiff is informed and does believe, and thereupon alleges, that: each of the Doe and Roe Defendants is responsible in some manner for the acts, actions and omissions herein referred to; each of the Doe and Roe Defendants has proximately caused general and special damages to Plaintiff as herein alleged; and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of any said Doe and Roe Defendants when the same have been ascertained by Plaintiff, together with appropriate charging allegations.

**III.    GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

11.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 10 of the Complaint as though full set forth herein.

THE DEBTOR'S FORMATION OF 5550 LAS VEGAS, LLC

12.     On or about February 23, 2009, the Debtor formed 5550 Las Vegas by filing Articles of Organization with the Nevada Secretary of State.

13.     On or about February 27, 2009, the Debtor opened a bank account in the name of 5550 Las Vegas with Service First Bank of Nevada[3] (the "5550 Las Vegas Account").  The Debtor held sole signatory authority for the 5550 Las Vegas Account.

14.     Upon information and belief, the only bank account for 5550 Las Vegas was located at Service First Bank of Nevada.

. . .

. . .

NELSON & HOULMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169
Telephone: (702) 720-3370
Facsimile: (702) 720-3371

_____

[3] In or about August 2012, Service First Bank of Nevada was acquired by Bank of Nevada.

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169
Telephone: (702) 720-3370
Facsimile: (702) 720-3371

**THE 5550 LAS VEGAS TRANSFER**

15.     On or about May 19, 2011, the Debtor transferred approximately forty eight thousand two hundred dollars ($48,200) to the Marchiano Corporation from the 5550 Las Vegas Account (Check Number 1453) (the "5550 Las Vegas Transfer").

**THE DEBTOR'S FAILURE TO OBSERVE THE CORPORATE FORMALITIES OF 5550 LAS VEGAS**

16.     Upon information and belief, the Debtor held a one hundred percent (100%) ownership interest in 5550 Las Vegas.

17.     Upon information and belief, 5550 Las Vegas is the alter ego of the Debtor.

18.     5550 Las Vegas is influenced and governed by the Debtor.

19.     There is such a unity of interest and ownership that 5550 Las Vegas Nevada is inseparable from the Debtor.

20.     Upon information and belief, the Debtor has co-mingled the funds in the account of 5550 Las Vegas with those of his own funds.

21.     Upon information and belief, the Debtor has ignored the corporate formalities of 5550 Las Vegas.

22.     Upon information and belief, the Debtor has severely under undercapitalized 5550 Las Vegas and has channeled the assets of 5550 Las Vegas to his personal accounts.

23.     Upon information and belief, the 5550 Las Vegas Account was the only bank account in the name of 5550 Las Vegas.

24.     Upon information and belief, 5550 Las Vegas conducted no business activities and only served as an account through which the Debtor paid his personal expenses and would "cash out" funds from the 5550 Las Vegas Account.

25.     On June 10, 2013, the Court in an unrelated adversary proceeding entitled *Krohn v. Vandeneynde* (Case Number BK-S-12-01302-LBR) entered a Default Judgment against 5550 Las Vegas declaring it as the alter ego of the Debtor (the "5550 Las Vegas Default Judgment"). Specifically, the 5550 Las Vegas Default Judgment provided the following:

> **IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that Judgment shall be entered in favor of Plaintiff and

- 4 -

against Defendant and that 5550 Las Vegas, LLC is the alter ego of the Debtor and that all property interests of 5550 Las Vegas, LLC, whether legal or equitable, are property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

26.    Under the facts and circumstances of his case, adherence to the fiction of a separate entity would promote injustice.

## IV.    FIRST CLAIM FOR RELIEF

### (Alter Ego Against 5550 Las Vegas and the Debtor)

27.    Plaintiff incorporates and realleges paragraphs 1 through 26, as though fully set forth herein.

28.    5550 Las Vegas is the alter egos of the Debtor.

29.    5550 Las Vegas is influenced and governed by the Debtor.

30.    There is such a unity of interest and ownership that 5550 Las Vegas is inseparable from the Debtor.

31.    Upon information and belief, the Debtor has co-mingled the funds in the accounts of 5550 Las Vegas with those of his own funds.

32.    Upon information and belief, the Debtor has ignored the corporate formalities of 5550 Las Vegas.

33.    Upon information and belief, the Debtor has severely under undercapitalized 5550 Las Vegas and has channeled the assets of 5550 Las Vegas to his personal accounts.

34.    Under the facts and circumstances of his case, adherence to the fiction of a separate entity would promote injustice.

35.    Plaintiff believes that the Defendants have utilized additional corporate entities to conceal assets and reserves the right to supplement this Complaint to plead additional claims for relief.

. . .

. . .

. . .

. . .

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169
Telephone: (702) 720-3370
Facsimile: (702) 720-3371

## V.    SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. 544(b) and NRS Chapter 112 Against All Defendants)

36.    Plaintiff incorporates and realleges paragraphs 1 through 35, as though fully set forth herein.

37.    The 5550 Las Vegas Transfer constitutes a transfer within the meaning of 11 U.S.C. §101(54).

38.    At the time of the filing of the petition, a creditor in being held an allowable unsecured claim under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502 (e).

39.    The 5550 Las Vegas Transfer constitutes a transfer of property by the debtor or obligations incurred by the debtor that are voidable by that kind of creditor described in 11 U.S.C. § 544 (a)(1); that kind of creditor described in 11 U.S.C. § 544 (a)(2); or that bona fide purchaser described in 11 U.S.C. § 544 (a)(3).

40.    Under applicable Nevada law, the 5550 Las Vegas Transfer constitutes the transfer of interests of the debtor in property, or an obligation incurred by the debtor, during the relevant statutory period, and (A) made the transfers or incurred the obligations with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or (B)(i) received less than a reasonably equivalent value in exchange for such transfers or obligations; and (ii)(I) was insolvent on the date that such transfers were made or such obligations were incurred, or became insolvent as a result of such transfers or obligations, or (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or  (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

41.    Plaintiff is entitled to avoid and recover for the bankruptcy estate the 5550 Las Vegas Transfer as would a hypothetical lien creditor pursuant to the bankruptcy code.

. . .

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169
Telephone: (702) 720-3370
Facsimile: (702) 720-3371

42.    The 5550 Las Vegas Transfer was made within four (4) years of the bringing of this cause of action.

43.    The 5550 Las Vegas Transfer is avoidable and can be recovered by Plaintiff pursuant to 11 U.S.C. § 544(b) and N.R.S. Chapter 112.

44.    It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.  In addition, upon information and belief, creditors have incurred legal fees and costs in assistance with the trustee's efforts, and, to the extent that these fees and costs are awarded an administrative priority, Plaintiff is entitled to these fees and costs from all defendants.

45.    Plaintiff believes that the Defendants have engaged in additional fraudulent transfers and reserves the right to supplement this Complaint to plead additional claims for relief.

## VI.    <u>THIRD CLAIM FOR RELIEF</u>

### (Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. 548 Against All Defendants)

46.    Plaintiff incorporates and realleges paragraphs 1 through 45, as though fully set forth herein.

47.    The 5550 Las Vegas Transfer constitutes a transfer within the meaning of 11 U.S.C. §101(54).

48.    The 5550 Las Vegas Transfer was made with the actual intent to hinder, delay, or defraud the Debtor's creditors.

49.    The Debtor received less than a reasonably equivalent value in exchange for the 5550 Las Vegas Transfer.

50.    The Debtor and 5550 Las Vegas were insolvent on the date that the 5550 Las Vegas Transfer was made, or became insolvent as a result of such transfers.

51.    The 5550 Las Vegas Transfer was made within two (2) years of the Petition Date.

52.    It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.  In addition, upon information and belief, creditors have incurred legal fees and costs in assistance with the trustee's efforts, and, to the extent that these fees and costs are awarded an administrative priority, Plaintiff is entitled to these fees and

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169
Telephone: (702) 720-3370
Facsimile: (702) 720-3371

costs from all defendants.

53.     Plaintiff believes that the Defendants have engaged in additional fraudulent transfers and reserves the right to supplement this Complaint to plead additional claims for relief.

## VII.    FOURTH CLAIM FOR RELIEF

**(Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. § 550 Against All Defendants)**

54.     Plaintiff incorporates and realleges paragraphs 1 through 53 as though fully set forth herein.

55.     The 5550 Las Vegas Transfer is an avoidable transfer pursuant to either 11 U.S.C. § 544(b) or 11 U.S.C. § 548.

56.     Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under section 544 of the Bankruptcy Code, Plaintiff is entitled to recover for the benefit of the estate, the property transferred, or the value of the property transferred from the initial transferee of such transfer, or the entity for whose benefit the transfer was made.

57.     The Marchiano Corporation was the initial transferees of the 5550 Las Vegas Transfer.

58.     The Marchiano Corporation is not a bona fide transferees that took for value, in good faith, and without knowledge of the voidability of the transfers, or the immediate or mediate good faith transferees of such transferees.

59.     Plaintiff is entitled to recover for the benefit of the estate the 5550 Las Vegas Transfer.

60.     It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.  In addition, upon information and belief, creditors have incurred legal fees and costs in assistance with the trustee's efforts, and, to the extent that these fees and costs are awarded an administrative priority, Plaintiff is entitled to these fees and costs from all defendants.

61.     Plaintiff believes that the Defendants have engaged in additional fraudulent transfers and reserves the right to supplement this Complaint to plead additional claims for relief.

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169
Telephone: (702) 720-3370
Facsimile: (702) 720-3371

1

## VIII.   FIFTH CLAIM FOR RELIEF

2

**(Turnover of Estate Property Pursuant to 11 U.S.C. § 542 Against All Defendants)**

3        62.    Plaintiff incorporates and realleges paragraphs 1 through 61, as though fully set

4    forth herein.

5        63.    The Marchiano Corporation is in possession, custody, or control or property of the

6    bankruptcy estate that Plaintiff may use, sell, or lease under 11 U.S.C. § 363.

7        64.    Plaintiff seeks an order requiring the Marchiano Corporation to turnover the

8    transfers of bankruptcy estate property pursuant to 11 U.S.C. § 542.

9        65.    It has been necessary for Plaintiff to retain counsel to bring this action and

10   Plaintiff is entitled to legal fees and costs.  In addition, upon information and belief, creditors

11   have incurred legal fees and costs in assistance with the trustee's efforts, and, to the extent that

12   these fees and costs are awarded an administrative priority, Plaintiff is entitled to these fees and

13   costs from all defendants.

14       66.    Plaintiff believes that the Defendants have engaged in additional fraudulent

15   transfers and reserves the right to supplement this Complaint to plead additional claims for relief.

16       WHEREFORE, Plaintiff prays for relief as follows:

17       1.    With respect to the first claim for relief, Plaintiff respectfully requests a judgment

18   that 5550 Las Vegas is the alter ego of the Debtor and that the property and assets of 5550 Las

19   Vegas should be considered property of the Debtor's bankruptcy estate under 11 U.S.C. § 541.

20       2.    With respect to the second claim for relief, Plaintiff respectfully requests that the

21   Court avoid and recover for the estate the 5550 Las Vegas Transfer as a fraudulent transfer

22   pursuant to 11 U.S.C. § 544(b) and N.R.S. Chapter 112.

23       3.    With respect to the third claim for relief, Plaintiff respectfully requests that the

24   Court avoid and recover for the estate the 5550 Las Vegas Transfer as a fraudulent transfer

25   pursuant to 11 U.S.C. § 548.

26       4.    With respect to the fourth claim for relief, Plaintiff respectfully requests that the

27   Court avoid and recover for the estate the 5550 Las Vegas Transfer pursuant to 11 U.S.C. § 550.

28   . . .

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169
Telephone: (702) 720-3370
Facsimile: (702) 720-3371

5. With respect to the fifth claim for relief, Plaintiff respectfully requests that the Court order the Defendants to turnover to the bankruptcy estate the 5550 Las Vegas Transfer pursuant to 11 U.S.C. § 542.

6. For attorneys' fees and costs of suit in an amount to be determined in this Adversary Proceeding.

7. For such other relief as this Court may deem just and proper.

Dated this 22nd day of April, 2014.

**NELSON & HOUMAND, P.C.**

*/s/ Victoria L. Nelson*
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Jacob L. Houmand, Esq. (NV Bar No. 12781)
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone: 702/720-3370
Facsimile: 702/720-3371

*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169
Telephone: (702) 720-3370
Facsimile: (702) 720-3371